# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO CONDE, | Case No. CV 10-07286-VAP (DTB) |
| Petitioner, | |
| vs. | ORDER TO SHOW CAUSE |
| T. BUSBY, Warden, | |
| Respondent. | |

On September 29, 2010, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Pet.") herein. The Petition purports to be directed to a 2005 conviction sustained by petitioner in Los Angeles County Superior Court. (See Pet. at ¶¶ 1-2). Petitioner purports to be raising five grounds for relief. (See Pet. at ¶7).

Based on its review of the Petition (including the attached documents) as well as information derived from the California Appellate Courts website, it appears to the Court that the Petition is time barred. Accordingly, on or before **November 12, 2010,** petitioner is ordered to show cause in writing (if any he has) why the Court should not recommend that this action be dismissed with prejudice on the ground of

untimeliness.[1]

## THE TIME BAR ISSUE

Since this action was filed after the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") on April 24, 1996, it is subject to the AEDPA's one-year limitation period, as set forth at 28 U.S.C. § 2244(d). See Calderon v. United States District Court for the Central District of California (Beeler), 128 F.3d 1283, 1287 n.3 (9th Cir. 1997), cert. denied, 522 U.S. 1099 and 118 S. Ct. 1389 (1998).[2]  28 U.S.C. § 2244(d) provides:

> "(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
>   (A)   the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was

---

[1] The Ninth Circuit has held that the district court has the authority to raise the statute of limitations issue *sua sponte* when untimeliness is obvious on the face of the petition and to summarily dismiss a petition on that ground pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, so long as the court "provides the petitioner with adequate notice and an opportunity to respond." See Nardi v. Stewart, 354 F.3d 1134, 1141 (9th Cir. 2004); Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

[2] Beeler was overruled on other grounds in Calderon v. United States District Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc), cert. denied, 526 U.S. 1060 (1999).

>>prevented from filing by such State action;

>>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

Here, according to the California Appellate Courts website, petitioner's Petition for Review was denied by the California Supreme Court on August 22, 2007. Thus, "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review" was November 20, 2007, when the 90-day period for petitioner to petition the United States Supreme Court for a writ of certiorari expired. See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999); Beeler, 128 F.3d at 1286 n.2.

From the face of the Petition, it does not appear that petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(B). Nor does it appear that petitioner has a basis for contending that any of his claims is based on a federal constitutional right that was initially recognized by the United States Supreme Court subsequent to the date his conviction became final and that has been made retroactively applicable to cases on collateral review. Finally, it appears that petitioner has no basis for contending that he is entitled to a later trigger date under § 2244(b)(1)(D) since petitioner was aware of the **factual** predicate of each of his claims as of the date he was convicted and sentenced. See Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (statute of limitations begins to run when a prisoner "knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance").

Thus, unless a basis for tolling the statute existed, petitioner's last day to file his federal habeas petition was November 20, 2008. See Patterson v. Stewart, 251 F.3d 1243,1246 (9th Cir. 2001); Beeler, 128 F.3d at 1287-88.

28 U.S.C. § 2244(d)(2) provides:

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In Nino v. Galaza, 183 F.3d 1003 (9th Cir. 1999), cert. denied, 529 U.S. 1104 (2000), the Ninth Circuit construed the foregoing tolling provision with reference to California's post-conviction procedures. The Ninth Circuit held that "the statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge." See id. at 1006. Accord, Carey v. Saffold, 536 U.S. 214, 219-21, 122 S. Ct. 2134, 153 L. Ed. 2d 260 (2002) (holding that, for purposes of statutory tolling, a California petitioner's application for collateral review remains "pending" during the intervals between the time a lower state court denies the application and the time the petitioner files a further petition in a higher state court). However, the statute of limitations is not tolled during the interval between the date on which the judgment of conviction became final and the filing of the petitioner's first collateral challenge. See Nino, 183 F.3d at 1006.

Here, petitioner has alleged three collateral challenges in the Petition: The Ventura County Superior Court habeas petition that petitioner maintains he filed on November 29, 2006 (see Pet. Mem. at 4), which was denied on December 13, 2006 (Pet. Mem. at 5); the habeas petition that petitioner filed with the California Court of Appeal in May, 2007 (id.), and which was denied on June 20, 2007 (id.). The Petition for Review filed with the California Supreme Court in June, 2007, and which was denied on August 22, 2007. Petitioner does not appear to be entitled to any statutory

tolling based on any of his collateral challenges, however, as they were all filed <u>before</u> his time period in which to file a habeas petition commenced to run pursuant to 28 U.S.C. § 2241(d)(1)(A).

In <u>Holland v. Florida</u>, _ U.S._, 130 S. Ct. 2549 (2010), the Supreme Court held that the timely filing of a habeas petition was not jurisdictional, but rather was subject to equitable tolling. If petitioner intends to rely on the equitable tolling doctrine for purposes of arguing that his federal habeas petition is timely, he will need to include with his Response to this Order to Show Cause a declaration under penalty of perjury stating facts showing (1) that he has been pursuing his rights diligently, and (2) that some "extraordinary circumstances" beyond petitioner's control stood in his way and/or made it impossible for him to file the Petition on time. <u>See</u> <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005); <u>see also</u> <u>Roy v. Lampert</u>, 465 F.3d 964, 969 (9th Cir. 2006), <u>cert.</u> <u>denied</u>, 127 S. Ct. 1880 (2007); <u>Raspberry v. Garcia</u>, 448 F.3d 1150, 1153 (9th Cir. 2006).

Specifically, as petitioner appears to contend that he relied on his appellate counsel in delaying the filing of his federal habeas petition, he will have to demonstrate that he has been diligent in pursuing his claims and that his attorney's conduct somehow constituted "extraordinary circumstances," sufficient to warrant equitable tolling of his case.

DATED: October 6, 2010

_____
DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE

5