# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

ANTONIO CONDE,

    Petitioner,

vs.

T. BUSBY, Warden,

    Respondent.

Case No. CV 10-7286-VAP (DTB)

SECOND ORDER TO SHOW CAUSE

On September 29, 2010, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Pet.") herein. The Petition purports to be directed to a 2005 conviction sustained by petitioner in Ventura County Superior Court following petitioner's guilty plea to second degree murder. (Pet. at 2.) Petitioner purports to be raising five grounds for relief. (Pet. at 5-6.) Based on the Court's initial review of the Petition, it appeared that the Petition was time barred under the Antiterrorism and Effective Death Penalty Act of 1996's (the "AEDPA") one-year limitations period, as set forth at 28 U.S.C. § 2244(d). Accordingly, on October 6, 2010, the Court ordered petitioner to show cause in writing why the Petition should not be dismissed with prejudice on the ground of untimeliness. See Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001) (holding that the district court has the authority to raise the statute of limitations issue sua sponte when untimeliness is

obvious on the face of the petition and to dismiss a petition on that ground, so long as the court "provides the petitioner with adequate notice and an opportunity to respond"); see also Nardi v. Stewart, 354 F.3d 1134, 1141 (9th Cir. 2004). After one extension of time, petitioner filed an "Ex Parte Application Demonstrating Cause and/or Extraordinary Circumstances Entitling Him to Equitable Tolling" ("OSC Resp.") on December 7, 2010, along with a Memorandum of Points and Authorities ("OSC Resp. Mem.") and supporting exhibits ("OSC Resp. Exh.").

As stated above, since this action was filed after the President signed into law the AEDPA on April 24, 1996, it is subject to the AEDPA's one-year limitation period. See Calderon v. United States District Court for the Central District of California (Beeler), 128 F.3d 1283, 1287 n.3 (9th Cir. 1997).[1] 28 U.S.C. § 2244(d) provides:

> "(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has

---

[1] Beeler was overruled on other grounds in Calderon v. United States District Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc).

    been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

  In its previous Order to Show Cause, the Court noted that it appeared from the Petition that the last day for petitioner to file his federal habeas petition was November 20, 2008. The Court arrived at that determination based on its initial review of the Petition and the California Appellate Courts Website.[2] According to the California Appellate Courts website, petitioner's Petition for Review was denied by the California Supreme Court on August 22, 2007. However, upon further review of the OSC Response, the Petition, and the California Appellate Courts website, the Court has determined that the Petition for Review was not filed within the context of a direct appeal of petitioner's judgment of conviction. Rather, the Petition for Review sought review of the California Court of Appeal's denial of petitioner's state habeas petition on June 20, 2007. (Pet. Exhs. I, J.) Indeed, it appears petitioner did not appeal directly from his original judgment of conviction, nor does he allege that he did so.[3] Petitioner's post-conviction filings in state court were limited to the

---

  [2] http://www.courtinfo.ca.gov/courts/courtsofappeal/

  [3] In the Petition, petitioner states that he appealed his judgment of conviction to the California Court of Appeal, Case. No. B199264. (Pet. at 2.) Upon
               (continued...)

collateral challenges filed in the Ventura County Superior Court, the California Court of Appeal, and the California Supreme Court. Thus, the Court's prior assertion that petitioner's conviction became final on November 20, 2007, was erroneous as such assertion was based upon the calculation arising from the expiration of the 90-day period for petitioner to petition the United States Supreme Court for a writ of certiorari. However, this was not "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review" (See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999); Beeler, 128 F.3d at 1286 n.2), since petitioner did not appeal his original conviction, either to the Court of Appeal or to the California Supreme Court.

Rather, pursuant to the California law in effect at the time of petitioner's conviction, an appeal of his original conviction had to be filed within 60 days after the rendition of the judgment. See Cal. Rules of Court, former Rule 31(a). Where, as here, the judgment of conviction was entered upon a guilty plea, the defendant was required to file a notice of intended appeal within the 60-day period, accompanied by a statement "showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings"; the appeal did not become operative unless and until the trial court executed and filed a certificate of probable cause for appeal. See Cal. Rules of Court, former Rule 31(d); see also Cal. Penal Code § 1237.5. Consequently, "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review" for purposes of calculating the commencement of the AEDPA one-year statute of limitations was November 7, 2005, when petitioner's time to file an intended notice of appeal expired. There is no evidence petitioner filed any such notice of appeal.

---

[3](...continued)
further review, the Court has determined that the filing was not a direct appeal of the underlying conviction, but rather, a habeas petition. (Pet. Exh. I; California Appellate Courts website.)

1 Thus, if measured from the date on which the judgment of conviction became
2 final,[4] petitioner's last day to file his federal habeas petition was November 7, 2006,
3 unless a basis for tolling the statute existed. See Patterson v. Stewart, 251 F.3d 1243,
4 1246 (9th Cir. 2001). No such basis appears to exist here. Petitioner would not be
5 entitled to any statutory tolling for any of the habeas petitions filed in state court,
6 since they were not filed until after petitioner's federal filing deadline already had
7 lapsed. See, e.g., Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (holding
8 that § 2244(d) "does not permit the reinitiation of the limitations period that has
9 ended before the state petition was filed," even if the state petition was timely filed);
10 Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Wixom v. Washington, 264 F.3d
11 894, 898-99 (9th Cir. 2001).

The Supreme Court recently held that the one-year statute of limitations is
subject to equitable tolling in appropriate cases. See Holland v. Florida, - U.S. -,130
S. Ct. 2549, 2560-62 (2010). However, in order to be entitled to equitable tolling, the
petitioner must show (1) that he has been pursuing his rights diligently, and (2) that
some extraordinary circumstance stood in his way. Id. at 2562; Pace v. DiGuglielmo,
544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005); see also Roy v.

---

[4] From the face of the Petition, it does not appear that petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(B). Nor does it appear that petitioner has a basis for contending that any of his claims is based on a federal constitutional right that was initially recognized by the United States Supreme Court subsequent to the date his conviction became final and that has been made retroactively applicable to cases on collateral review pursuant to § 2244(d)(1)(C). Nor does it appear that petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(b)(1)(D) since petitioner was aware of the factual predicate of his claims as of the date he was convicted and sentenced pursuant to his guilty plea. See Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (statute of limitations begins to run when a prisoner "knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance").

Lampert, 465 F.3d 964, 969 (9th Cir. 2006); Raspberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006). In his OSC Response, petitioner asserts that he is entitled to equitable tolling based on the following factors: (1) Petitioner's retained attorneys completely abandoned petitioner's case after the California Supreme Court denied the Petition for Review on August 22, 2007, without even informing him that the California Supreme Court had denied the Petition for Review (OSC Resp. Mem. at 6-7); (2) petitioner did not have access to the prison law library or "persons knowledgeable in the law who would have . . . notified him that he is subjected to statutory limitations pursuant to the AEDPA" because Kern Valley State Prison, where petitioner was incarcerated at the time, was under lockdown and/or modified program throughout 2007 (OSC. Resp. Mem. at 7-10); and (3) petitioner is incapable of comprehending "complex legalees [sic]" due to his physical and learning disabilities. (OSC Resp. Mem. at 11-12.)

Here, the evidence submitted by petitioner in support of his claims for equitable tolling based on his attorney's conduct and denial of access to the prison library are directed to events that occurred during or after 2007, which is subsequent to the expiration of petitioner's federal filing deadline expired. (OSC Resp. Exhs. A-C, G.) Such evidence would not be availing to any claim petitioner might make for equitable tolling during the correct limitations period, i.e., from November 7, 2005, to November 7, 2006, as it would not explain any delay in filing his federal habeas petition (or any other state collateral challenge) during this time. Accordingly, the Court does not address petitioner's claims for entitlement to equitable tolling at this time, but rather orders petitioner, within thirty days of receipt of this Order, to show cause in writing, if he has any, why the Court should not recommend that this action be dismissed with prejudice on the ground of untimeliness. Specially, if petitioner intends to continue to rely on the equitable tolling doctrine, he must demonstrate that he was diligent in pursuing his claims during the correct limitations period (November 7, 2005 to November 7, 2006), and that some external factor beyond his

control created the requisite "extraordinary circumstances" during that period sufficient to warrant equitable tolling of his case. The petitioner is forewarned that he has the burden of proving entitlement to equitable tolling is significant, and that the "extraordinary circumstance" required for equitable tolling are such that equitable tolling is "justified in few cases," and that the threshold for establishing equitable tolling is "very high, lest the exceptions swallow the rule." (<u>Spitsyn v. Moore</u>, 345 F.3d 796, 799 (9th Cir. 2003.)

DATED: December 17, 2010

THE HONORABLE DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE